# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10763
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Ochoa-Leyva,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-39-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Antonio Ochoa-Leyva appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Renewing an argument made before the district court, Ochoa-Leyva challenges the application of the enhanced penalty range in

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-10763

§ 1326(b) as unconstitutional, because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt.  As he correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  He raises the issue to preserve it for Supreme Court review.  The Government has filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, requesting an extension of time to file a brief.

Because summary affirmance is appropriate, *see Groendyke Trans., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion is GRANTED, and the district court's judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.